

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILSON, | ) |
| Plaintiff | ) |
| | ) No. 09 C : 2447 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS RENO BAIOCCI AND MARK RICHARDS, AND CHICAGO POLICE DETECTIVES JOE MCCARTHY, JAMES HENNIGAN, AND MICHAEL MILLER, AND AS YET UNKNWON CITY OF CHICAGO EMPLOYEES, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

After a 2005 bench trial, Christopher Wilson was convicted of first degree murder. Wilson claimed he did not commit the crime, and an Illinois appellate court reversed his conviction, holding that the evidence was "so improbable or implausible" that it raised a reasonable doubt regarding Wilson's guilt. Wilson now claims that the Chicago police officers and detectives who investigated the crime for which he was charged conspired to frame him. The officers and detectives move to dismiss Wilson's multi-count Complaint against them.

For the purpose of addressing Defendants' motion, the Court accepts as true the following allegations found Wilson's Complaint. Wilson alleges that no physical evidence linked him to the murder of Dorian McGee and that his conviction rested entirely on the fabricated accounts of two purported eyewitnesses, Charlene Wicks and Ruben Pye (Compl. ¶¶ 2-4). According to Wilson, on the

1

day of the murder, police officers canvassed the area where they found the murder victim, but failed to locate anyone who could provide information about the crime. (Compl. ¶¶ 14-15). Without any leads, the police officers arrested Wicks for possession of drugs. (Compl. ¶ 16). The officers detained Wicks for three days, releasing her only after she identified Wilson as the shooter in McGee's murder. (Compl. ¶ 16).

Two days later, officers arrested Pye for possession of drugs. (Compl. ¶ 19). Pye told the officers that he knew nothing about McGee's murder, but the officers informed him that unless he identified Wilson as the perpetrator of the crime, they would charge him with possession of drugs. (Compl. ¶ 19).

At trial, Wicks recanted her statement and instead claimed that the officers had promised her drugs in exchange for false testimony. (Compl. ¶ 17). Pye did not recant his statement at trial, but since the trial, Pye has revealed (presumably to Wilson) that he fabricated his trial testimony at the urging of the officers. (Compl. ¶ 18).

The Defendants' manipulation of both Wicks and Pye and their failure to disclose the effort to frame him forms the basis of Wilson's Complaint. (Compl. ¶ 25-26). Defendants move to dismiss, arguing that Wilson fails to "plead its [sic] claims with sufficient particularity." Defendants suggest that Wilson has "impermissibly merge[d] all defendants" and "baldly recites claims of conspiracy and municipal policy and practice with no factual allegations to support such claims."

Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not provide detailed factual allegations, mere conclusions and a

2

"formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to be plausible on its face and to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Defendants first argue that Wilson "impermissibly merges" the five individual Defendants without setting forth facts that specify which individual Defendant committed which act. Defendants suggest that it is "unfair" and "illogical" to force each Defendant to respond to the allegations in the Complaint as if it refers to him individually. This argument makes little sense. Each Defendant knows what he did or did not do and can admit or deny the fact based on this knowledge. Wilson, on the other hand, was not present at the police station when the Defendants allegedly arrested and manipulated Wicks and Pye. The Defendants, and not Wilson, are in possession of the knowledge of precisely which of them, if any, interrogated, manipulated, threatened, or coerced Wicks and Pye into giving false testimony. Indeed, the Seventh Circuit makes clear that where a plaintiff has been injured "'as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery,'" and that courts should not dismiss such claims. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (quoting

3

*Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995)); *see also Smith v. Illinois*, No. 07 C 7048, 2009 WL 1515306, * 6 (N.D. Ill. May 27, 2009) (observing that the "fact that [the plaintiff] has not specifically identified which officer performed which acts is not fatal to his claim at this stage of the litigation.").[1]

It is not Wilson's position that is unfair and illogical. A brief example can demonstrate why. Two police officers arrest a person, and after handcuffing him and placing him on the ground, one officer kicks the arrestee in the head. It would be patently unfair and illogical to force such a person to identify which of the two officers committed the act before taking discovery. Carried to the extreme, Defendants' position would prevent any plaintiff from engaging in any court-assisted discovery without knowing the exact perpetrator of a tort against him. The Court rejects Defendants' invitation to require Wilson to plead specifically which individual Defendant committed which act. The Federal Rules require that Wilson provide notice of the claims against Defendants and he has done so.

Next, the Defendants suggest that Wilson has not pleaded his conspiracy claims with sufficient particularity. Defendants argue that Wilson does not offer "evidence" of an agreement between the Defendants. In support of this argument, Defendants cite to Illinois state law, which applies a different pleading standard. Notice pleading does not require a plaintiff to produce evidence. Rather, in resolving a motion to dismiss, the court accepts a plaintiff's allegations as true. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (noting that conspiracy claim must indicate parties, general purpose, and approximate date of conspiracy); *see also Craft v. Flagg*, No. 06 C 1451, 2008 WL 1883337, * 3 (N.D. Ill. Apr. 24, 2008).

---

[1] Defendants argue for the first time in their reply that here Wilson has had the benefit of discovery, during his criminal trial and appeal. They neglect to consider, however, that Wilson alleges that they *withheld* the nature of their conduct from him during this period.

4

Perhaps recognizing the weakness of their argument, Defendants introduce a new argument in their reply,[2] suggesting that Wilson has "utterly fails to provide a date" when the Defendants formed the conspiracy. Defendants grossly distort the nature of Wilson's claims. Specifically, Wilson alleges that the officers could find no evidence regarding McGee's murder the day of the crime. Wilson alleges that the Defendants, wanting to solve the crime at any costs, held a heroin addict in custody for three days until she signed a witness statement identifying Wilson as the shooter. Wilson further alleges that two days later the Defendants obtained a second false statement linking him to the crime. Finally, Wilson alleges that the Defendants withheld from him their efforts to coerce witness testimony against him throughout the duration of his trial and appeal. These are not naked or conclusory assertions. Contrary to Defendants' argument, Wilson has identified a five-day period in which the vast majority of the allegedly conspiratorial acts occurred. Based on Wilson's allegations, the court can plausibly infer a conspiracy amongst the Defendants, which is all that *Twombly* and *Iqbal* require.

Finally, the City argues that the Court should dismiss claims against it because Wilson has not adequately pleaded municipal liability. The City argues that cursory allegations of *Monell* liability are insufficient to plead a claim against the City. Specifically, the City argues that Wilson has not provided any other examples of the alleged "widespread practices" about which he complains. *Monell* claims, however, are not subject to a heightened pleading standard. *Lanigan v. Village of E. Hazel Crest, Ill.*, 110 F.3d 467, 479 (7th Cir. 1997). And notice pleading does not require Wilson to plead all of the facts

---

[2] Defendants cannot argue that their reply merely responded to Wilson's argument. In their opening brief, Defendants argued merely that Wilson's allegations regarding the agreement were too conclusory. Now, on reply, Defendants spell out precisely where they believe Wilson's allegations have fallen short, ambushing him and affording him no opportunity to respond. Defendants waive arguments that they raise for the first time in reply, *United States v. Wescott*, 576 F.3d 347, 354 (7th Cir. 2009), though in this instance it matters not because Defendants' argument is without merit.

5

logically entailed by the claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). It is not reasonable to expect a plaintiff to have information about other incidents at the pleading stage; instead, a plaintiff should be given the opportunity to develop an evidentiary record to determine whether he can provide support for his claims. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (error to dismiss *Monell* claims on the ground that they were too conclusory); *Sledd v. Lindsay*, 102 F.3d 282, 288-289 (7th Cir. 1996) (reversing dismissal of *Monell* claims where dismissal based on plaintiff's failure to identify specific factual patterns in the complaint). Wilson's pleadings makes it clear that he alleges that the individual Defendants coerced false testimony in order to frame him and then withheld the knowledge that the testimony was false from him. Wilson's pleadings further makes it clear that he alleges that the City of Chicago turned a blind eye to its officers' practice of withholding exculpatory information and that failure emboldened the Defendants causing them to believe they could get away with framing him. Such allegations are more than labels and conclusions; rather they provide a factual basis that sets forth a short and plain statement that the government entity's official policy or custom is the cause of his injury. If the Court accepts these allegations as true, as it must, Wilson's factual allegations more than adequately raise his right to relief above the speculative level and the Court need not draw any further inferences to conclude that the City would be liable for the misconduct alleged. The Court DENIES the City's Motion to Dismiss.

IT IS SO ORDERED.

_10/7/09_
Dated

Hon. William J. Hibbler
U.S. District Court

6